AMERICAN LOAN & TRUST CO. *v.* ST. LOUIS & CHICAGO RY. CO. *et al.*

(*Circuit Court, S. D. Illinois.*   June 10, 1890.)

RAILROAD BONDS—BONA FIDE HOLDER.
Where overdue railroad mortgage bonds, which belong to the railroad company, are bought at 40 cents on the dollar from the vice-president of the company after suit to foreclose has been begun, and a receiver has taken possession of the mortgaged property, the purchasers of such bonds are not *bona fide* holders where inquiry on their part would have shown that the vice-president had no authority to sell the bonds.

In Equity.
*W. M. Safford* and *C. H. Aldrich*, for defendants.

GRESHAM, J., (*orally.*)  The bill was filed to foreclose the first mortgage, on January 5, 1889; and a receiver was appointed two days later, who

went into possession of the property. The bill to foreclose the consolidated mortgage was filed on January 7, 1889, and the two suits were afterwards consolidated. The real controversy before the master appears to have been over the bonds numbered from 1,401 to 1,600, inclusive. The evidence in the record clearly shows that when the two suits were commenced, and later, these bonds were all in the hands of F. C. Hollins & Co., fiscal agents of the consolidated company. F. C. Hollins, of Hollins & Co., was vice-president and director of the consolidated company, and a member of the executive committee. Indeed, he and D. L. Wing, who was the president, absolutely controlled the action of the corporation. One hundred and twenty-one of the bonds, numbered above 1,400, were presented by Mrs. Celena Hollins, wife of F. C. Hollins, and 14 of them were presented by F. C. Hollins & Co. On the evidence before the master, he was justified in treating F. C. Hollins as the holder of these 135 bonds. Howard Taylor claims to have bought 5 of the remaining 65 bonds from F. C. Hollins, Zabriskie claims to have bought 10 of them from F. C. Hollins, W. B. Wadsworth claims to have bought 19 of them from F. C. Hollins, William P. Dixon claims to have bought 10 of them from F. C. Hollins, L. Jaques claims to have bought 10 of them from F. C. Hollins, and the holders of the remaining 11 claim to have bought them from others who had purchased from Hollins. Not more than 40 cents on the dollar was paid for any of the bonds, and some of them were purchased from Hollins at less than 30 cents on the dollar. As already stated, under a clause in the mortgage the bonds had all become due before suit was brought, at which time these 200 bonds belonged to the railway company; and some of the present holders purchased even after the decree foreclosing the first mortgage had been entered. It is plain that Hollins had no authority to dispose of these bonds; and, even if bonds thus secured by mortgage may be bought as commercial paper after suit to foreclose has been commenced, and after the court has taken possession of the mortgaged property by a receiver, the facts in the record were sufficient to put purchasers upon inquiry; and inquiry would have revealed the fact that Hollins had no authority to dispose of the bonds. The holders of the 200 bonds are not entitled to share in the distribution of the fund arising from the sale of the mortgaged property, and a decree will be entered upon that basis.