OSCAR MITCHELL, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 41680, 41874, 54673.   Promulgated November 22, 1932.

*Frank W. Wilson, C. P. A.*, and *Oscar Mitchell, Esq.*, for the petitioner.

*B. M. Coon, Esq.*, for the respondent.

102

**OPINION.**

LANSDON: The petitioner's first contention is that the assignment to his wife for life of rentals from a parcel of real estate owned by him effected a transfer of title to the income-producing property. In support of this theory he cites a long line of decisions and many sound text book authorities dating back to the enactment of the Statute of Uses in the reign of Henry the VIII. A careful scrutiny of all such cases and of the textbooks indicates quite clearly that this principle applies only when all the " rents, issues and profits " from real property are assigned in perpetuity. In the instant proceeding the assignment does not include any profit which might be

realized from the sale of the property prior to the termination of the trust, which is not perpetual, but terminates with the death of the assignee. We conclude, therefore, that the instrument in question effected nothing more than a gift of income to be received in the future. There was no effective transfer of the property and the income therefrom is taxable to the petitioner. *Leydig* v. *Commissioner*, 43 Fed. (2d) 494; affirming 15 B. T. A. 124.

A careful study of the instrument in question discloses also that there is no basis for the theory that it transferred a life interest in income-producing property to the petitioner's wife. There is here nothing more than the creation of a trust to receive income after it accrues to the owner. It was within the petitioner's power to transfer a life interest in the property by proper procedure, but this was not done. As title to the property with power to sell at any time and realize resulting capital gains remains in the petitioner, the income is taxable to him as determined by the respondent.

At March 1, 1913, the petitioner owned a chose in action against Coates and Tweed. On January 3, 1914, he settled with his debtors by the execution of a contract under which he was to receive a percentage of the profits from the operation of certain mining properties. That contract was property which would produce income in the event of the successful operation of the mines. On December 29, 1919, for a consideration, he assigned such property to his wife and divested himself from any right to it or to any income therefrom. The determination of the respondent on this issue is reversed. *Marshall Field*, 15 B. T. A. 718; affd., 42 Fed. 820. *William Ernest Seatree*, 25 B. T. A. 396.

The record discloses that petitioner's son was employed by the law partnership of which his father was a member and that in addition to his duties as such employee he also attended to many business matters for his father, whom he also personally assisted in his work as a member of the firm. In the circumstances herein we are of the opinion that the amounts which the petitioner paid to his son were reasonable compensation for services rendered to him in his business and, therefore, deductible from his gross income as ordinary and necessary expenses in the year when paid. *Lillian M. Goldsmith*, 7 B. T. A. 151; *Alfred Le Blanc*, 7 B. T. A. 256; *Estate of K. Threefoot*, 9 B. T. A. 499; *Samuel Rottenberg*, 20 B. T. A. 589.

In 1926 the petitioner paid the City of Duluth $20.90 for sprinkling the street in front of a residential property which he owned. Such charge was assessed by ordinance under the following provisions of the charter of the city:

Section 61. The council may, by a four-fifths vote, order the construction of any sidewalk or sewer, or the sprinkling of any highway which it deems

necessary for public convenience or safety, and may cause the cost of such construction or sprinkling or any portion of such cost, to be assessed against the property specially benefited.

The petitioner claims that such payment was a tax and deductible from income under the provisions of section 214 (a) (3) of the Revenue Act of 1926. The respondent disallowed this payment as a deduction, on the ground that it was a special tax and not deductible under the following exception in that section: " (C) taxes assessed against local benefits of a kind tending to increase the value of property assessed." In support of his determination he cites and relies on *Caldwell Milling Co.*, 3 B. T. A. 1232 and/or article 133 of Regulations 69. In the *Caldwell* proceeding and all other proceedings in which it is cited as authority, the special tax was imposed to meet the costs of permanent improvements such as street paving, sidewalks, and sewers and was assessed against property adjacent thereto in proportion to the benefits of such improvements, and the measure of such tax in all cases was the estimated addition to the value of the property against which it was levied. Since sprinkling a street in front of a residental property is not an improvement intended to increase the value thereof, we are of the opinion that the payment in question is not within the exception above quoted and that it is a tax levied by the proper authority to pay one of the incidental expenses that are incurred by the municipality for the public interest. On this issue the determination of the respondent is reversed.

*Decision will be entered under Rule 50.*